**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>DAVID W. TIPPENS,<br><br>        Defendant-Appellant. | No. 17-30117<br><br>D.C. No. 3:16-cr-05110-RJB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted May 17, 2019
Seattle, Washington

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BURY,** District
Judge.

David W. Tippens appeals from his conviction for possession of child

pornography in violation of 18 U.S.C. § 2252(a)(4) and (b)(2). We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*     The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

The parties are familiar with the facts. We refer to them only insofar as necessary to explain our decision.

On appeal, Tippens challenges the district court's denial of his motions to dismiss the indictment and to suppress the NIT and Washington warrants.

1.     Tippens argues that the district court erred in denying the motion to dismiss the indictment based on outrageous government conduct and abused its discretion in declining to exercise its supervisory powers, a decision we review de novo. *See United States v. Black*, 733 F.3d 294, 301 (9th Cir. 2013). The district court here did not err: Even if the government acted outrageously in allowing Playpen to continue to operate for two weeks, its conduct was not so outrageous that it violated due process and warranted dismissal of the indictment under the "totality of the circumstances," especially given "the nature of the crime being pursued and necessity for the actions taken in light of the nature of the criminal enterprise at issue." *Black*, 733 F.3d at 303-04. Permitting the site to continue to operate for this limited time allowed the government to identify and prosecute numerous individuals involved in the child pornography industry, and to rescue 49 children from sexual exploitation. *United States v. Anzalone*, 923 F.3d 1, 6 (1st Cir. 2019).

We review for abuse of discretion the district court's decision declining to exercise its supervisory powers. *See Black*, 733 F.3d at 301. Here, there was no

abuse of discretion because the district court did not unreasonably weigh the *Black* factors.

**2.** Our holding in *United States v. Henderson*, 906 F.3d 1109, 1114-20 (9th Cir. 2018) forecloses consideration of the NIT warrant issues raised in Tippens' motion to suppress. Even though the warrant violated Rule 41(b), the "good faith exception applies to bar suppression of evidence obtained [] pursuant to the NIT warrant." *Id.* at 1120.

**3.** Tippens also contends that the district court erred in denying the motion to suppress all evidence obtained pursuant to the Washington warrant. He argues that Pierce County Detective Douglas Shook intentionally or recklessly made false and/or materially misleading statements and omissions in the affidavit supporting the Washington warrant and, therefore, the Washington warrant lacked probable cause. We review de novo a "district court's determination '[w]hether probable cause is lacking because of alleged misstatements or omissions in the supporting affidavit.'" *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003) (quoting *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000)). We review for clear error a district court's factual findings as to whether "any statements [in the probable cause affidavit] were false or omitted and whether any such statements were intentionally or recklessly made." *Elliott*, 322 F.3d at 714.

The district court did not clearly err in finding that Shook did not

intentionally or recklessly make false or misleading statements in the affidavit about Tippens downloading child pornography. In the affidavit, Shook stated that Tippens accessed a series of posts on Playpen containing images depicting child pornography in February 2015 and that such images would have been "downloaded" and displayed on his computer upon accessing the posts. At the *Franks*[1] hearing, Shook clarified what he meant by the term "download," stating he used the term "download" to refer to Tippens viewing images of child pornography on Playpen on his computer, not that he had stored the images on his computer at that time. The district court found that Shook was credible, a finding which we "pay special deference to" and will not disturb. *Elliott*, 322 F.3d at 715.

At the *Franks* hearing, Shook also admitted that he knew that the Tor browser contained a feature that was designed to prevent the automatic downloading of data onto a user's computer that normally occurs when viewing a public website (referred to as the "disk avoidance feature"), but did not include this information in the affidavit. Shook testified that, in his experience, the Tor browser did not completely eliminate trace digital evidence from a user's

---

[1] The reference is to *Franks v. Delaware*, 438 U.S. 154 (1978). To prevail on a *Franks* challenge, "the defendant must establish . . . the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant and . . . that the false or misleading statement or omission was material, i.e., necessary to finding probable cause." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (citation and internal quotation marks omitted)).

computer, which the district court determined was credible. Consistent with his testimony, the affidavit alleges that a computer may unintentionally retain digital evidence.

We are not left with a "definite and firm" conviction that the district court clearly erred in concluding that Shook did not intentionally or recklessly omit such information from the affidavit. *United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017). There is no evidence that Shook intended to mislead the magistrate judge into concluding probable cause existed when it did not or that Shook knew or had a "high degree of awareness" that the information in the affidavit was false or misleading without the information about the Tor browser's disk-avoidance feature. *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1998). We cannot say that the district court's view of the evidence was clearly erroneous under these circumstances. *See Elliott*, 322 F.3d at 715 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation and internal quotation marks omitted)).

The district court did not err in concluding that there was probable cause to search Tippens' Washington residence based upon the totality of the circumstances which included: (1) Playpen was an illegal child pornography site; (2) Tippens created an account on Playpen under the username candygirl123 in Hawaii, maintained it for more than three months, and actively logged into the site for 26

5

hours; (3) trace digital evidence could be recovered from a user's computer of the user's internet activities; and (4) the reasonable inference that Tippens likely carried, as opposed to shipped, a computer or laptop when he moved from Hawaii to Washington. Such facts and inferences demonstrated that there was a "fair probability" of finding digital evidence of child pornography on Tippens' computer. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Gourde*, 440 F.3d 1065, 1071 (9th Cir. 2006).

**4.** Since we conclude that the district court did not err in denying the motion to suppress the Washington warrant, we need not consider whether the good faith exception applies.[2]

**AFFIRMED.**

---

[2] The American Civil Liberties Union ("ACLU")'s and the ACLU of Washington's motion for leave to file an amicus brief (Docket Entry No. 14) is granted.